**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

NOV 13 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL JUAREZ FRANCISCO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-556

Agency No.
A205-988-732

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2024[**]
Pasadena, California

Before: W. FLETCHER, CALLAHAN, and DE ALBA, Circuit Judges.

Petitioner Daniel Juarez Francisco ("Petitioner"), a native and citizen of

Guatemala, seeks review of a decision by the Board of Immigration Appeals ("the

Board") affirming an Immigration Judge's ("IJ") denial of Petitioner's application

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We typically review only the Board's decision but will review both the Board's decision and IJ's decision if the Board adopts the IJ's reasoning. *Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019).  We must uphold the Board's decision if it is supported by substantial evidence.  *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011) (citation omitted).  We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

1.      Substantial evidence supports the denial of Petitioner's application for asylum and withholding of removal because Petitioner did not show that he suffered past persecution on account of a protected category or show a well-founded fear of future persecution if returned to his home country.  Petitioner bears the burden of demonstrating "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  "To be eligible for withholding of removal, the petitioner must discharge this burden by 'a clear probability.'" *Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2023) (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)).  Persecution is an extreme concept and not every form of abhorrent harassment or intimidation qualifies. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003).  "[N]ot all negative treatment equates with persecution."  *Lanza v. Aschcroft*, 389 F.3d 917, 934 (9th

Cir. 2004). Petitioner claims that he was persecuted on account of his indigenous heritage and his religion. However, the encounters Petitioner discusses demonstrate harassment on account of a protected category. Petitioner does not allege that he, or his family, was physically harmed or threatened with harm during this harassment. Nor does he allege that he, or his family, was physically harmed or threatened with harm on account of a protected category on any other occasion. And Petitioner fails to provide evidence that would demonstrate a well-founded fear of future persecution if returned to Guatemala. Therefore, substantial evidence supports the Board's decision.

2. Substantial evidence supports denial of relief under CAT. "To qualify for relief under [CAT], the torture must be inflicted by or at the instigation of or with the consent or *acquiescence* of a public official or other person acting in an official capacity." *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (quoting 8 C.F.R. § 208.18(a)(1)) (quotation marks omitted). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7). "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014)).

Petitioner never contacted law enforcement to report the harassment he suffered. Nor did he expound on his reasons for believing that law enforcement would be unwilling to assist him. Though it is unfortunate that Petitioner could not easily contact law enforcement, he provided only generalized statements to support his claim that a public official would acquiesce in his torture. Therefore, substantial evidence supports the Board's decision.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.